**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KCH TRANSPORTATION, INC., | Case Number: 1:24-CV-1211 TWT |
| Plaintiff, | Fulton County State Court |
| vs. | Case No.: 23EV008277 |
| AG PRODUCTION SERVICES, INC., | |
| Defendant. | |

**DEFENDANT AG PRODUCTION SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

**I.      INTRODUCTON**

Plaintiff's Complaint lacks any allegations sufficient to support the exercise of personal jurisdiction by this Court over Defendant AG Production Services, Inc. ("AG Production"). The Complaint vaguely sets forth a singular cause of action on an open account for various unidentified invoices for multiple shipments in which it is alleged AG Production has an outstanding balance. AG Production is not a resident of Georgia and jurisdiction over AG Production does not exist under the Georgia Long Arm Statute, O.C.G.A. § 9-10-91. Because this Court does not have personal jurisdiction over AG Production, AG Production moves this Court to

dismiss KCH Transportation, Inc.'s ("KCH") Complaint against AG Production, and all counts thereof, pursuant to Fed. R. Civ. Pro. 12(b)(2).

AG Production is not subject to jurisdiction under Georgia's long-arm statute because it does not "[t]ransact[] any business" in Georgia. *See* O.C.G.A. § 9-10-91(1). AG Production is not registered with the Secretary of State to do business in Georgia; does not have an office, employees, or a registered agent in Georgia; does not pay taxes in Georgia with respect to its own activities; and does not sell or advertise any products in Georgia. *See McCarthy v. Yamaha Motor Mfg. Corp.*, 994 F. Supp. 2d 1318, 1325 (N.D. Ga. 2014) (defendant did not "transact business in Georgia" where it was "not authorized to do or transact business in Georgia," did "not have an office, employees, or a registered agent here," and did "not advertise in this state").

Personal jurisdiction over AG Production also fails for a second, independent reason. Exercising jurisdiction here would violate AG Production's due process rights under the Fourteenth Amendment because neither general nor specific jurisdiction is present. *Daimler AG v. Bauman*, 571 U.S. 117, 120, 134 S. Ct. 746, 751 (2014) (jurisdiction may be general (allowing any type of suit in a defendant's home state) or specific (allowing only those suits that arise out of a defendant's contacts with the forum state).

AG Production is in no way "at home" in Georgia, as required for general jurisdiction. *Id*. It is undisputed that AG Production is not incorporated in Georgia and does not have its principal place of business in Georgia. *See* Compl. ¶ 2. KCH has not alleged any continuous and pervasive contacts with Georgia that could authorize general jurisdiction. *See Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

Finally, Plaintiff's claims do not arise out of AG Production's intentional contacts with Georgia, as required to establish specific jurisdiction. *See McCarthy*, 994 F. Supp. 2d at 1327 (requiring that contacts with forum be "causally related to or have a close nexus to" plaintiff's claims). KCH's claims arise from shipments sent from Nevada to Florida, with payments to be sent to Tennessee. Nevada-based AG Production does not do business in Georgia, is not at home in Georgia, and KCH's claim does not arise out of AG Production's intentional contact with Georgia. The Court therefore lacks personal jurisdiction over AG Production and should dismiss it under Rule 12(b)(2).

/ / /

/ / /

/ / /

## II.     RELEVANT FACTS

### A.     AG PRODUCTION HAS NO TIES TO GEORGIA

AG Production is a Nevada corporation. *See* Compl. ¶ 2, attached hereto as **Exhibit A**; *see also* Declaration of Jacquelyn J. Kelley ("Kelley Declaration"), at ¶ 4, attached as **Exhibit B**. Its principal place of business is located in Clark County, Nevada at 4660 Berg Street, Suite 130, North Las Vegas, Nevada. *See* Kelley Declaration, at ¶5. Its only office is located at the Berg St address. AG Production does not have any offices in Georgia nor is it licensed to do business is Georgia. *Id*. at ¶ 7-8. It does not have any agents, representatives, officers, or employees located in Georgia. *Id*. at ¶ 9. It does not own or rent any property in Georgia. *Id*. at ¶10. It does not have any Georgia bank accounts. *Id*. at ¶ 11. AG Production does not regularly conduct business, sell goods, or provide services in Georgia. *Id*. at ¶ 12.

#### a.     The invoices in the Complaint are not related to Georgia.

KCH supported its Complaint a vague ledger for purported invoices for shipments it contends were for services provided by KCH to AG Production. *See* **Exhibit A**, Compl., Exhibit 1. AG Production has conducted a search for the relevant invoices, attached hereto as **Exhibit C**.[1]

---

[1] AG Production was unable to identify several of the invoices set forth in the Complaint and believes them to be duplicative and/or misnumbered.

For each of the shipments in which KCH contends AG Production did not pay the invoices, the shipments were initiated in North Las Vegas, Nevada and shipped to Miami, Florida. *See e.g.* **Exhibit C**. The invoices further indicated that payment is to be made to KCH in Chattanooga, TN, not Georgia. *Id.* All identifying information on the invoices indicates KCH's affiliation with the state of Tennessee and is silent to any mention of Georgia or Georgia law. *Id.* Moreover, for each shipment, the carrier was a different company, including AD Freight Inc. (based in Indiana), September Logistics LLC (based in Texas), Melody Logistics LLC (based in Indiana), and LTE Trucking Inc. (based in Illinois). In short, none of the invoices at issue have anything to do with Georgia.

## III. <u>STANDARD OF REVIEW</u>

A court must dismiss an action against a defendant over which it has no personal jurisdiction. See Fed. R. Civ. P. 12(b)(2); *Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1257 (11th Cir. 2010); *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368, 1379 (N.D. Ga. 2003). When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating that Georgia's long-arm statute, O.C.G.A § 9-10-91, grants jurisdiction over the defendant.

To survive a motion to dismiss, a plaintiff must plead legally sufficient facts to make a prima facie showing of personal jurisdiction. *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir. 1994); *Welt Indus., Inc. v. Weingart, Inc.*, 660 F. Supp. 424, 425 (N.D. Ga. 1987). In order for the plaintiff to subject a nonresident defendant to jurisdiction in Georgia, it is required to do more than put forward "unsupported allegations." *Murphy*, 270 F. Supp. 2d at 1379. KCH must allege definite, evidentiary facts to connect nonresident AG Production with actions occurring in Georgia. *Id*. Here, Plaintiff has not and cannot satisfy its burden to establish that AG Production is subject to personal jurisdiction in Georgia.

## IV. <u>LEGAL ARUGUMENT</u>

Personal jurisdiction exists only if exercising jurisdiction (1) is authorized by Georgia's long-arm statute, (2) does not violate the federal Due Process Clause, and (3) the exercise of jurisdiction comports with traditional notions of fairness and justice. *Diamond Crystal*, 593 F.3d at 1257. Exercising personal jurisdiction over AG Production here violates each standard.

/ / /

/ / /

/ / /

### A. AG PRODUCTION HAS NOT ENGAGED IN ANY OF THE ACTIVITIES THAT WOULD SUBJECT IT TO PERSONAL JURISDICTION IN GEORGIA UNDER GEORGIA'S LONG ARM STATUTE

Jurisdiction is not permitted under Georgia's long-arm statute because Nevada-based AG Production does not transact business in Georgia, did not cause a tortious injury in Georgia, and does not own property in Georgia. See O.C.G.A. § 9-10-91.[2]

Georgia's long-arm statute provides that a court in Georgia "may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of" six enumerated acts. *Id*. The statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond Crystal*, 593 F.3d at 1259. "It is beyond cavil that the exercise of personal jurisdiction in Georgia requires a court to find that at least one prong of the long-arm statute is satisfied." *Id*. at 1260; *see also Byrd v. Drive Elec.*, 2016 WL 3964239, at *4 (S.D. Ga. July 20, 2016) (granting defendant's motion to dismiss for lack of jurisdiction where Georgia long-arm statute was not satisfied).

---

[2] Defendant foregoes addressing O.C.G.A § 9-10-91(5) and (6) as those provisions deal with divorce, child support, and family law matters.

Here, KCH does not allege how jurisdiction in the State of Georgia is proper. Despite conceding that AG Production is neither incorporated in Georgia nor has its principal place of business in Georgia, KCH conclusory states that jurisdiction and venue are proper (it is not). KCH does not even attempt to parrot the elements of the Georgia long-arm statute or otherwise offer any factual allegations supporting jurisdiction. KCH has alleged no facts, specific to AG Production showing any contact with the State of Georgia and accordingly has not satisfied the long-arm statute. *Brazil v. Janssen Rsch. & Dev. LLC*, 249 F. Supp. 3d 1321 (N.D. Ga. 2016) (finding insufficient allegations of personal jurisdiction where specific contacts with and acts in Georgia are not alleged).

Not only are the allegations of the Complaint defective with respect to jurisdiction. AG Production did not engage in the activities necessary to be subject to jurisdiction under the Georgia long-arm statute. The Complaint sets forth a single cause of action for an open account, which sounds in contract, not tort. *See* **Exhibit A**, Comp. ¶11. Thus, O.C.G.A. § 9-10-91 (2) or (3) cannot serve as the basis for exercising jurisdiction, as that requires the claim be based in tort. It is undisputed that AG Production does not own, use, or possess any real property in Georgia. *See* **Exhibit B**, Kelley Declaration ¶10.

The only remaining prong of the Georgia long-arm statute to confer jurisdiction over AG Production also fails because it requires the causes of action

be derived from transacting business in Georgia. O.C.G.A. § 9-10-91(1). AG Production does not transact any business in Georgia. To "transact any business," AG Production must have "purposefully done some act or consummated some transaction in Georgia," which it has not done. *Diamond Crystal*, 593 F.3d at 1264. AG Production is not registered with the Secretary of State to do business in Georgia; does not have an office, employees, manufacturing plants, distribution facilities, or a registered agent in Georgia; does not pay taxes in Georgia with respect to its own activities; and does not sell or advertise products in this state. *See* **Exhibit B**, Kelley Declaration, ¶¶ 7, 8, 12; *see also McCarthy*, 994 F. Supp. 2d at 1325 (finding defendant did not "transact business in Georgia" where it was "not authorized to do or transact business in Georgia," did "not have an office, employees, or a registered agent here," and did "not advertise in this state"); *Kason Indus., Inc. v. Dent Design Hardware, Ltd.*, 952 F. Supp. 2d 1334, 1345 (N.D. Ga. 2013) (finding defendant did not "transact any business in Georgia" where it had "no offices, manufacturing plants, or distribution facilities in Georgia," was not registered to do business here, had no employees in Georgia, paid no taxes in Georgia, and did not directly sell its products in Georgia).

The allegedly unpaid invoices have nothing to do with any contacts with Georgia either. *See e.g.*, **Exhibit C**. AG Production was not transacting business in Georgia by shipping materials from Nevada to Florida. The invoices further

indicate that AG Production was to remit payment to KCH Transportation in Chattanooga, TN. *See* **Exhibit C**. None of the allegedly outstanding services rendered took place in Georgia or involved any transaction occurring in Georgia. There is nothing in the allegations of the Complaint, or the invoices referenced therein, that so much as identifies a single fact in which AG Production engaged in or transacted any business in Georgia. Thus, KCH cannot meet its burden to show that Georgia's long-arm statute confers personal jurisdiction over Nevada-based AG Production. The Court should dismiss AG Production under Rule 12(b)(2).

### B. THIS COURT'S EXERCISE OF PERSONAL JURISDICTION OVER AG PRODUCTION WOULD VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

Personal jurisdiction over AG Production fails for a second, independent reason. Plaintiff cannot "show[] that due process permits the exercise of personal jurisdiction." *McCarthy*, 994 F. Supp. 2d at 1326.

"The heart of [the due-process] protection is fair warning--the Due Process Clause requires that the defendant's conduct and connection with the forum State [be] such that he should reasonably anticipate being hailed into court there." *Diamond Crystal*, 593 F.3d at 1267 (internal quotations omitted). States may exercise jurisdiction "over only those who have established 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Diamond Crystal, 593 F.3d*

*at 1267*, (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

The Supreme Court has recognized two types of personal jurisdiction: general and specific. *Daimler*, 571 U.S. at 120, 134 S. Ct. at 751. Neither exists here with respect to Nevada-based AG Production.

### a. AG PRODUCTION IS NOT SUBJECT TO GENERAL JURISDICTION IN GEORGIA

General jurisdiction permits a court "to hear any and all claims against" a nonresident corporation when the nonresident's contacts with the forum state are so "continuous and systematic as to render it essentially at home" in that state. *Daimler*, 571 U.S. at 127, 134 S. Ct. at 754. The United States Supreme Court has recognized that "only a limited set of affiliations with a forum will render a defendant amenable to [general] all-purpose jurisdiction there." *Id.*, 571 U.S. at 137, 134 S. Ct. at 760. With respect to corporations, the bases for general jurisdiction are the place of incorporation and principal place of business. *Id.*; see also *Monkton*, 768 F.3d at 432 ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.").

AG Productions is absolutely not "at home" in Georgia. The Complaint does not allege otherwise, nor could it! It is undisputed that AG Production is not

incorporated in Georgia and does not have its principal place of business in Georgia. *See* **Exhibit A**¸ Compl. ¶ 2 (alleging that AG Production is a Nevada corporation). Indeed, AG Production does not transact business in Georgia and is not licensed to conduct business in Georgia.

The Complaint fails to set forth a singular allegation of any contact with Georgia, let alone those sufficiently "continuous and systematic" to subject it to general jurisdiction here. Because AG Production is not incorporated in Georgia and has no other significant presence here, including no "offices, employees, [or] bank accounts," AG Production "cannot be said to be at home in this forum," and therefore is not subject to general jurisdiction here. *See Brazil*, 249 F.Supp.3d 1321, 1334 ("It is entirely clear in this case that the Court does not have general jurisdiction over Defendant," which was not based or incorporated in Georgia).

### b. AG PRODUCTION IS NOT SUBJECT TO SPECIFIC JURISDICTION IN GEORGIA

In order to exercise specific personal jurisdiction over a nonresident, in addition to meeting the statutory requirements of Georgia's long-arm statute, jurisdiction also depends on the establishment of constitutionally sufficient "minimum contacts" in this state so that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310 (1945). "In specific jurisdiction cases, the 'fair warning

requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Diamond Crystal*, 593 F.3d at 1267 (quoting *Burger King*, 471 U.S. at 472–73, 105 S.Ct. 2174). "Put differently, the defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is, purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Id*.

### (1)   Due Process Requirements

In interpreting Georgia's long-arm statute, the Georgia Supreme Court has explained that it "grants Georgia courts the unlimited authority to exercise personal jurisdiction over any nonresident who transacts any business in this State ... to the maximum extent permitted by procedural due process." *Innovative Clinical & Consulting Servs. v. First Natl. Bank of Ames*, 279 Ga. 672, 675, 620 S.E.2d 352 (2005). "Due process requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Beasley v. Beasley*, 260 Ga. 419, 421, 396 S.E.2d 222 (1990). The Georgia Supreme Court has construed the term 'transacting any business' most liberally to uphold the jurisdiction of the Georgia courts.

The constitutional touchstone, though, is whether the defendant purposefully established minimum contacts in the forum state. That is, whether the defendant's

conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there. *Genesis Research Institute*, 247 Ga. App. at 745, 542 S.E.2d 637. In determining whether a non-resident could reasonably anticipate being summoned into a Georgia court based on transacting business, courts apply a three-part test:

> (1) the nonresident defendant has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

*Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517-518, 631 S.E.2d 734 (2006).

The Court is to "analyze the first two prongs of this test to determine whether a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction. And if such minimum contacts are found, we then analyze the third prong[.]" *Weathers v. Dieniahmar Music, LLC*, 337 Ga. App. 816, 820, 788 S.E.2d 852 (2016). So, before a plaintiff can sue a nonresident in Georgia, the nonresident "must have purposefully directed activities at residents of the forum, and the litigation must result from alleged injuries that arise out of or relate to those activities." *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 764, 688 S.E.2d 675 (2009).

### (2)    **Specific Jurisdiction Does Not Exist Here**

KCH cannot establish the minimum contacts required to warrant the exercise of personal jurisdiction over AG Production. Not only was AG Production not doing business in Georgia during the relevant time period, but KCH has not alleged that AG Production had any connection to Georgia or that transactions at issue in the Complaint have any connection in Georgia. Intangible contacts with a plaintiff's business, such as emails, payments, or telephone calls, are insufficient to establish either general or specific personal jurisdiction that comports with due process. *M.P. Tulsa, LLC v. SH CCRC, LLC*, Civil Action No. 1:15-CV-04440 (N.D. Ga., August 17, 2016).

KCH does not allege any basis to demonstrate specific jurisdiction over AG Production. KCH has not alleged any facts showing AG Production purposefully availed itself of the benefit of Georgia laws. The entirety of the contacts related to the Complaint are in Florida, Nevada, and Tennessee. *See* **Exhibit C**. The Complaint's only tenuous connection to Georgia is the fact KCH is registered to do business in Georgia, which has no bearing on whether there is jurisdiction over AG Production. KCH cannot show AG Production purposefully established contacts in Georgia and cannot establish a sufficient nexus between those contacts and its claim. Specific personal jurisdiction over AG Production is lacking as it would be unfair and unconstitutional to hale Nevada-based AG Production into court here.

## C.    EXERCISING JURISDICTION WOULD VIOLATE NOTIONS OF FAIRNESS AND JUSTICE

Assuming a plaintiff can establish compliance with Georgia's long-arm statue, and that the matter arises out of the defendant's contacts with the forum, courts must go on to analyze whether the exercise of jurisdiction is fair and comport with traditional notions of substantial justice and fairness. Indeed, a court must consider a variety of interests. These include "the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice." *Kulko* v. *Superior Court of Cal., City and County of San Francisco*, 436 U. S. 84, 92, 98 S.Ct. 1690, 1697 (1978); *Asahi Metal Industry Co.* v. *Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033 (1987); *World-Wide Volkswagen*, 444 U. S., 286, 292, 100 S.Ct. 559, 564 (1980). But the "primary concern" is "the burden on the defendant." *Id.*, 444 U. S.at 292, 100 S.Ct. at 564.

Assessing this burden obviously requires a court to consider the practical problems resulting from litigating in the forum, but it also encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question. As the United State Supreme Court has explained, restrictions on personal jurisdiction "are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of

territorial limitations on the power of the respective States." *Hanson* v. *Denckla*, 357 U. S. 235, 251 (1958). "[T]he States retain many essential attributes of sovereignty, including, in particular, the sovereign power to try causes in their courts. The sovereignty of each State . . . implie[s] a limitation on the sovereignty of all its sister States." *World-Wide Volkswagen*, 444 U. S., at 293. And at times, this federalism interest may be decisive. As explained in *World-Wide Volkswagen*, "[e]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id.*, at 294.

Here, exercising jurisdiction over this Nevada corporation would be beyond unfair. It has no employees in Georgia, no office in Georgia, and conducts virtually no business in Georgia. It just so happens this plaintiff happened to file suit in Georgia, something entirely unforeseen given that all of the transactions between these companies involved states other than Georgia.

The burden that would be placed on AG Productions from having to defend this case Georgia is significant. While it just so happens that AG Production's

retained law firm happens to have one lawyer licensed in Georgia, this lawyer resides in Las Vegas, Nevada, and has no residence in Georgia. Still, what matters more is where all of AG Production's employees and executives are located; which is Las Vegas, Nevada. Taken together, the exercise of jurisdiction over AG Production in Georgia is unfair and violates traditional notions of fairness and substantial justice.

## V. CONCLUSION

Nevada-based AG Production does not do business in Georgia, is not based or incorporated in Georgia, and does not sell goods or services in Georgia. Georgia's long-arm statute does not authorize personal jurisdiction over AG Production, and neither general nor specific personal jurisdiction would be consistent with due process. This Court should therefore grant AG Production's motion and dismiss AG Production for lack of personal jurisdiction.

Dated this 20th day of March 2024.

MARQUIS AURBACH

*s/ Jordan W. Montet*
Jordan W. Montet, Esq.
Georgia Bar No. 913308
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney(s) for Defendants AG Production Services, Inc.*

## **CERTIFICATION**

In accordance with Local Rule 7.1(D), undersigned counsel hereby certifies that this motion has been prepared in Times New Roman 14-point font as permitted by Local Rule 5.1(B).

*s/ Jordan W. Montet*
Jordan W. Montet

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT AG PRODUCTION SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION** with the United States District Court by using the court's CM/ECF system on the 19th day of March 2024.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

T. Brandon Welch
315 W. Ponce de Leon Ave., Suite 1070
Decatur, GA 30030
*Attorney for KCH Transportation*
brandon@stillmanwelch.com

*s/ Kellie Piet*
An employee of Marquis Aurbach