IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KCH TRANSPORTATION, INC.,

    Plaintiff,

      v.

AG PRODUCTION SERVICES, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-1211-TWT

**OPINION AND ORDER**

This is a breach of contract action. It is before the Court on the Plaintiff KCH Transportation, Inc.'s Motion to Remand to State Court [Doc. 5]. For the reasons set forth below, the Plaintiff's Motion to Remand to State Court [Doc. 5] is GRANTED.

## I.   Background

Plaintiff KCH Transportation, Inc. ("KCH") filed suit in state court against Defendant AG Production Services, Inc. seeking to recover unpaid invoices for services that KCH rendered as a freight broker. (Compl. [Doc. 1-1] ¶ 1). According to the Plaintiff, it was hired by the Defendant to broker shipments across the United States, and it did so on an open account and with the expectation of payment. (*Id.* ¶¶ 5-6). The Plaintiff alleged that, as of the time the suit was filed, the Defendant owed $139,798 plus interest. (*Id.* ¶¶ 7-10).

The complaint was filed in state court on December 22, 2023. (Compl. at 1). It is unclear when the Defendant was served with the Complaint, but the Plaintiff asserts that service was made on February 7, 2024. (Mot. to Remand, at 2). The Plaintiff also asserts that it consented to an extension of time for the Defendant to answer the Complaint through and including March 19, 2024. (*Id.*). Instead, the Defendant removed the action to this Court on that date and moved to dismiss for lack of personal jurisdiction the following day. On March 29, 2024, the Plaintiff filed the Motion to Remand that is presently before the Court. The Defendant did not respond to the Motion.

## II. Legal Standards

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked under 28 U.S.C. 1332(a) where complete diversity exists among the parties and

the amount in controversy exceeds $75,000. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In determining whether the removing party has carried that burden,

> the district court has before it only the limited universe of evidence available when the motion to remand is filed–i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

*Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-1215 (11th Cir. 2007).

### III. Discussion

The Plaintiff argues that remand is warranted because 28 U.S.C. § 1446(b) requires a notice of removal to be filed within 30 days after service of the complaint on the Defendant and the Defendant failed to timely file the notice of removal here. (Pl.'s Mot. to Remand, at 2-3). The Plaintiff also contends that it promptly sought remand pursuant to 28 U.S.C. § 1447(c). (*Id.* at 3-4). The Defendant has not filed a response in opposition to the Motion to Remand.

Section 1446(b) states that the notice of removal "*shall* be filed within 30 days after receipt by the defendant, through service or otherwise" of the complaint. 28 U.S.C. § 1446(b) (emphasis added). The Court is obligated to strictly construe the removal statute, *see Burns*, 31 F.3d at 1095, and the language "shall" is not permissive. *See Harris Corp. v. Kollman, Inc.*, 97 F.

3

Supp. 2d 1148, 1151 (M.D. Fla. 2000). Therefore, because the Defendant has not opposed the Plaintiff's allegations that the notice of removal was not timely filed, the Court must grant the Motion to Remand. *Burns*, 31 F.3d at 1095 ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand to State Court [Doc. 5] is GRANTED. In light of the Court's decision to remand, the Court declines to rule on the Defendant's pending Motions to Dismiss [Docs. 2, 8]. The Clerk is directed to remand this action to the State Court of Fulton County.

SO ORDERED, this ___7th___ day of October, 2024.

THOMAS W. THRASH, JR.
United States District Judge